**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| M.J. Harris, Inc., et al., | ) )  |
| Plaintiffs, | ) ) No. CV-10-8161-PCT-PGR |
| vs. | ) ) |
| Mercury A/C & Heating, Inc., et al., | ) ) <u>ORDER</u> |
| Defendants. | ) ) |

    Defendants Centimark Corporation and Arch Insurance Company removed this action on August 30, 2010 solely on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. Having reviewed the defendants' Notice of Removal to determine if subject matter jurisdiction exists in this Court, the Court finds that the notice of removal is facially deficient because it fails to properly allege the existence of diversity of citizenship jurisdiction.[1]

    The removing defendants have not met their jurisdictional pleading burden regarding the citizenship of plaintiff M.J. Harris, Inc. in that the Notice of Removal merely states that M.J. Harris, Inc. "is an Alabama corporation." Since a

---

[1] The defendants are advised that the complete capitalization of the parties' names in the caption of the Notice of Removal violates LRCiv 7.1(a)(3).

corporate party is a citizen of the state by which it has been incorporated and of the state where it has its principal place of business, 28 U.S.C. § 1332(c)(1), "an allegation that a corporation is a citizen of a certain state (without more) is not an allegation of fact, but a mere conclusion of law" that is inadequate to establish diversity jurisdiction. Fifty Associates v. Prudential Insurance Co. of America, 446 F.2d 1187, 1190 (9th Cir. 1970). In order to cure this jurisdictional deficiency, the Court will require the removing defendants to file an amended notice of removal that properly and affirmatively states the citizenship of M.J. Harris, Inc. The removing defendants are advised that their failure to timely comply with this order will result in the remand of this action without further notice for lack of subject matter jurisdiction.

The removing defendants will also be required to explain in the amended notice of removal why removal is procedurally proper in light of (1) the "rule of unanimity" given that the Notice of Removal fails to state anything about whether co-defendant Mercury A/C & Heating, Inc. has consented to the removal notwithstanding that it is alleged to have been served with process on August 2, 2010, and (2) the "no local defendant" prohibition of 28 U.S.C. § 1441(b) (an action based on diversity may be removed "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought[,]" given that the Notice of Removal states that co-defendant Mercury A/C & Heating, Inc. "is incorporated in the State of Arizona with its principal place of business in Lake Havasu City, Arizona." Therefore,

IT IS ORDERED that the removing defendants shall file an amended notice

/ / /

/ / /

of removal in compliance with this Order no later than **September 8, 2010**.

DATED this 31st day of August, 2010.

_____
Paul G. Rosenblatt
United States District Judge